IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILLIPI S. LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:07cv450-ID |
| | ) | (WO) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause is before the court on the complaint filed by Phillipi S. Lowe on May 21, 2007. Upon review of the complaint, the court concludes that dismissal is appropriate prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, brings this action against the United States. He alleges that various "U.S. Judges, Clerks, and other governmental Employees operating in the scope of their employment" violated his rights under First, Fifth, Fourth, and Fourteenth Amendments to the United States Constitution. (Compl. at 1.) Plaintiff includes no specific factual allegations, but asserts in conclusory terms that federal judges and employees (apparently in the Middle and Southern Districts of Alabama, the Northern District of Florida, and the District of Columbia) somehow involved plaintiff in a race-based attack against a civil rights law firm, then deprived plaintiff of his

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

constitutional rights in plaintiff's *pro se* cases against "white defendants."[2]  (Id. at 1-2.) Plaintiff demands thirteen million dollars in damages from the United States.

Plaintiff's constitutional tort claims against the United States are barred by sovereign immunity, and, thus, this court lacks jurisdiction to entertain Plaintiff's claims. See F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (declining to recognize a direct action for damages against federal agencies for alleged constitutional violations); U.S v. Testan, 424 U.S. 392, 400 (1976) ("In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity[.]").

Accordingly, it is CONSIDERED and ORDERED that plaintiff's claims be and the same are hereby DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of jurisdiction.  A separate judgment will be entered.

Done this 23rd day of May, 2007.

/s/ Ira DeMent
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]  The undersigned has not previously presided over any of plaintiff's cases filed in this district.